of the case, but we know of no rule which requires the jury to believe disputed testimony, even where the witness is called by a party. It is true, of course, that a party offering a witness vouches for his integrity, in the sense that he is not permitted to impeach him; but a party is not precluded from showing by direct evidence that a material fact is different from that testified to by his own witness, and the jury had the right to accept the testimony of the plaintiff and his wife upon the material issues, even though Sekine testified directly to the contrary. Coulter v. American Merchants' Union Express Co., 56 N. Y. 586, 589. This same case is, we believe, a sufficient authority for the ruling of the court in permitting the plaintiff to testify to a conversation with Sekine, after the latter had denied having the conversation. This conversation related to the material issue in the case, would have been entirely proper on the original direct examination of the plaintiff, and was not rendered incompetent because Sekine had denied having such conversation.

We discover no force in the contention that the verdict was contrary to the law of the case as stated by the court in its charge. The charge was made to please the defendant, three distinct requests were charged in the language chosen by the defendant, and the evidence supports the verdict of the jury in harmony with the instructions.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

(71 Misc. Rep. 535.)

SIMMELINK v. SUPREME COURT I. O. F.

(Supreme Court, Trial Term, Monroe County. April, 1911.)

COURTS (§ 512*)—OBLIGATION OF CONTRACT—INSURANCE CONTRACT.

The right of the Dominion of Canada to repudiate the contract of a mutual benefit association by legislative modifications of its charter, there being no limitations upon legislative power there, will not be recognized by the courts of this state.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 512.*]

Action by Henry J. Simmelink for an injunction against the Supreme Court of the Independent Order of Foresters, restraining it from raising the rates of assessment. Judgment for plaintiff.

J. M. E. O'Grady, for plaintiff.
John A. Bernhard and John Desmond, for defendant.

BENTON, J. The cases of Wright v. K. O. T. M., 196 N. Y. 391, 89 N. E. 1078, 134 Am. St. Rep. 838, and Dowdall v. Supreme Council C. M. B. A., 196 N. Y. 405, 89 N. E. 1075, are conclusive upon this court, and establish plaintiff's right to the relief prayed for in this action. It is true that, in the case at bar, the application which is a part of the contract of insurance of plaintiff is found in the application for a charter for the lodge of which he was a charter member; the language of which is as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"We do further severally agree to be bound by all the provisions of the constitutional laws of the order as enacted from time to time by the Supreme Court of the Independent Order of Foresters."

In the Wright Case, in his application for membership, plaintiff said:

"This application and the laws of the Supreme Tent now in force, or that may hereafter be adopted, are made part of the contract between myself and the Supreme Tent, and I, for myself and for my beneficiaries, agree to conform to and be governed thereby."

The latter is a more precise and specific statement than the former.

It is urged, however, with emphasis, that the defendant, being a foreign corporation, carries its charter wherever it goes, and that the person dealing with it is subject to all variations and changes which may be made in its charter by legislative enactment at the place where created; and that the Dominion of Canada, having no constitutional restrictions upon the power of legislation, is free, theoretically, to repudiate by legislative enactment, and to any extent or degree, any and all contracts of the corporation with its members; and that, in fact, as a condition of the existence of this corporation under and by virtue of legislative enactment, the corporation, defendant, was compelled to raise its rates of which plaintiff complains as a violation of his contract with it.

If defendant's contention is good, then, by comity, we are compelled to recognize in this state the right of a foreign government to authorize the corporation created by it to repudiate its contracts with our citizens made in this state, wherein defendant has the right to do business, and so practically annul the Constitution of the state, disregard the fundamental rights of its citizens, and become a power within our borders, subversive of our Constitution and antagonistic to the fundamental law of the land expressed in our charters, state and national. No authority can be found to establish this.

It may be claimed that the effect of the decision of the Canada Southern R. R. Co. v. Gebhard, 109 U. S. 528, 3 Sup. Ct. 371 (27 L. Ed. 1020), is to sanction defendant's claim. I do not believe it goes to that extent. Some pains were taken in the opinion of the court to show that the action of the Canadian Legislature "is in entire harmony with the spirit of the bankrupt laws, the binding force of which, upon those who are subject to the jurisdiction, is recognized by all civilized nations. It is not in conflict with the Constitution of the United States, etc." It is nowhere therein asserted that the many authorities cited by Justice Harlan in his dissenting opinion do not state sound law when applied to the particular facts of a given case.

The principle of comity, as stated by Kent, to wit:

"The laws of other governments have no force beyond their territorial limits; and, if permitted to operate in other states, it is upon a principle of comity, and only when neither the state nor its citizens would suffer any inconvenience from the application of the foreign law" (2 Kent, 406)

—is yet good law in this case. See other authorities cited in dissenting opinion of Harlan, J., supra.

Not only would our citizens, members of the defendant, be inconvenienced by the application of the foreign law here invoked, but their constitutional rights would be ignored and set at naught. To sanction such a principle is little less than treasonable; and its results, it seems to me, would be wholly mischievous and detrimental to the security under law which our citizens have the right to demand when sanctioned by contract obligations.

Judgment must, therefore, go for plaintiff for the relief demanded in the complaint.

Judgment for plaintiff.